IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(BID PROTEST)

| | |
|---|---|
| SIERRA NEVADA CORPORATION, | ) |
| *Plaintiff,* | ) No. 14-994 C |
| v. | ) Judge Marian Blank Horn |
| THE UNITED STATES, | ) |
| *Defendant.* | ) |

**MEMORANDUM IN SUPPORT OF THE BOEING COMPANY'S
UNOPPOSED MOTION TO INTERVENE**

In accordance with Rule 24 of the Rules of the United States Court of Federal Claims ("RCFC"), The Boeing Company ("Boeing"), respectfully submits this Memorandum in support of its Unopposed Motion to Intervene in the above-captioned case. Boeing seeks to intervene to preserve its rights as the awardee of a contract to develop a commercial crew space transportation capability to and from the International Space Station.

Under Rule 24(a)(2), Boeing, as one of two awardees under Solicitation NNK14467515R, is entitled to intervene as a matter of right because it has an interest relating to the subject matter of this action and is "so situated that disposing of the action may as a practical matter impair or impede its ability to protect its interest . . . ." RCFC 24(a)(2). Alternatively, this Court should exercise its discretion to permit Boeing to intervene under RCFC 24(b) because Boeing's defenses are based on the same questions of fact and law as the main action filed by SNC, and intervention would not "unduly

1

delay or prejudice the adjudication of the original parties' rights."  RCFC 24(b)(1)(B), (b)(3).

# I.
# BACKGROUND

On November 19, 2013, NASA issued Solicitation NNK14467515R ("Solicitation") for the Commercial Crew Transportation Capability ("CCtCap") contract. The Solicitation invited proposals for the second-phase of a two-phased procurement strategy, including the final Design, Development, Test, and Evaluation activities necessary to achieve certification, and two to six Post Certification Missions.  NASA reserved the right to make more than one award under the Solicitation.

On September 16, 2014, NASA awarded one contract under the Solicitation to Boeing, and one contract to Space Exploration Technologies ("SpaceX").  On September 26, 2014, SNC filed a protest of the awards to Boeing and SpaceX at the Government Accountability Office ("GAO").  Because the protest was timely filed, SNC qualified for an automatic stay of performance of the contracts under the Competition in Contracting Act ("CICA"), 31 U.S.C. § 3553.  On October 9, 2014, however, NASA determined (in accordance with its discretion under CICA, 31 U.S.C. § 3553(d)(3)(C)) that urgent and compelling circumstances existed and that it was in the best interests of the Government to override the automatic stay as permitted by CICA.  Shortly thereafter, Boeing and SpaceX began performing the contracts.  This action followed.

# II.
# ARGUMENT

A. **The Court Should Permit Boeing to Intervene as a Matter of Right.**

RCFC 24(a) provides for "intervention of right" upon timely application to the Court when the party seeking to intervene:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

RCFC 24(a)(2).

Boeing meets the Rule 24(a)(2) test. As an awardee of the contract at issue, Boeing plainly has a direct interest in the outcome of this case. If this Court were to rule in favor of the plaintiff, Boeing's interests could be affected because it may be forced to cease performance under the contract and because its interests in future performance may be impaired. Further, although the Government and Boeing both share an interest in demonstrating that the Government's decision to award the contract to Boeing was proper, only Boeing can adequately protect its interests in ensuring that any action taken does not adversely affect its interest in the contract.

This Court has repeatedly ruled that the contract awardee is entitled to intervene in a protest as a matter of right under RCFC 24(a)(2). *See, e.g.*, *Akal Sec., Inc. v. United States*, 103 Fed. Cl. 310, 323 (2011) (granting contract awardee's motion to intervene and noting that "the requirements for intervention are to be construed in favor of intervention") (quoting *Am. Maritime Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989)); *Benefits Consulting Assocs., LLC v. United States*, 93 Fed. Cl. 254, 267-68 (2010).

Accordingly, Boeing meets the requirements of RCFC 24(a)(2) and respectfully requests that the Court grant its unopposed motion to intervene as of right.

**B.** <u>**The Court Should Exercise Its Discretion to Permit Boeing to Intervene.**</u>

In the alternative, RCFC 24(b) provides for "permissive intervention," upon timely application, when an applicant "has a claim or defense that shares with the main

action a common question of law or fact." RCFC 24(b)(1)(B). This Court's rules further state that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." RCFC 24(b)(3).

Boeing's defenses on the merits before this Court would share common questions of law and fact with those asserted by SNC. Both the Government and Boeing contend that the Government's award to Boeing was proper and in accordance with law and regulation, and that the Government's override of the stay of performance was lawful, reasonable and justified. Moreover, Boeing's participation in these proceedings will not unduly delay or prejudice the adjudication of this matter, as we would propose to submit briefs on the same schedule as the Court establishes for the other parties.

This Court has permitted contract awardees to intervene in protests under RCFC 24(b). *See Emerald Coast Finest Produce Co. Inc. v. United States*, 74 Fed. Cl. 679, 680-81 (2006) (granting contract awardee's motion to intervene under Rule 24(b) based on its representation that its economic interests could be affected by the protest).

Accordingly, pursuant to RCFC 24(b), the Court should grant Boeing's unopposed motion to intervene.

## III.
## CONCLUSION

For the foregoing reasons, Boeing respectfully requests that the Court grant its Unopposed Motion to Intervene.

                    Respectfully submitted,

                    s/ Scott M. McCaleb
                    Scott M. McCaleb
                    WILEY REIN LLP
                    1776 K Street, N.W.
                    Washington, DC  20006
                    (202) 719-3193 (O)
                    (202) 719-7049 (F)
                    smccaleb@wileyrein.com
                    *Counsel of Record for Movant-Interested Party, The Boeing Company*

*Of counsel:*
Paul F. Khoury
Jon W. Burd
Samantha S. Lee
Gary S. Ward
WILEY REIN LLP

Dated:  October 16, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused copies of the foregoing to be served on the following in accordance with the electronic-filing procedures established by this Court:

>Daniel S. Herzfeld, Esq.
>U.S. Department of Justice – Civil Division
>1100 L Street, N.W.,
>Washington, DC 20005
>*Counsel for Defendant United States of America*
>
>Neil H. O'Donnell, Esq.
>Rogers Joseph O'Donnell
>750 9th Street NW, Suite 710
>Washington, DC 20001
>*Counsel for Plaintiff Sierra Nevada Corporation*
>
>Richard Vacura, Esq.
>Morrison & Foerster LLP
>1650 Tysons Boulevard
>Suite 400
>McLean, VA 22102-4220
>*Counsel for Interested Party, Space Explorations Technologies Corp.*

>s/ Scott M. McCaleb
>Scott M. McCaleb
>WILEY REIN LLP
>1776 K Street, N.W.
>Washington, DC  20006
>(202) 719-3193 (O)
>(202) 719-7049 (F)
>smccaleb@wileyrein.com
>*Counsel of Record for Movant-Interested Party, The Boeing Company*

Dated:  October 16, 2014