# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * * *
SIERRA NEVADA CORPORATION,         *
                                   *
            Plaintiff,             *
                                   *   No. 14-994C
v.                                 *   Filed: October 16, 2014
                                   *
UNITED STATES,                     *
                                   *
            Defendant.             *
* * * * * * * * * * * * * * * * * *
```

## PROTECTIVE ORDER

The court finds that certain information likely to be disclosed orally or in writing during the course of this litigation may be competition-sensitive or otherwise protectable and that entry of a Protective Order is necessary to safeguard the confidentiality of that information. Accordingly, the parties shall comply with the terms and conditions of this Protective Order.

I.

1. Protected Information Defined. "Protected information" as used in this Protective Order means information that must be protected to safeguard the competitive process, including source selection information, proprietary information, and confidential information contained in:

   a. any document (e.g., a pleading, motion, brief, notice, or discovery request or response) produced, filed, or served by a party to this litigation; or

   b. any deposition, sealed testimony or argument, declaration, or affidavit taken or provided during this litigation.

2. Restrictions on the Use of Protected Information. Protected information may be used solely for the purposes of this litigation and may not be given, shown, made available, discussed, or otherwise conveyed in any form except as provided herein or as otherwise required by federal statutory law.

II.

3. Individuals Permitted Access to Protected Information. Except as provided in paragraphs 7 and 8 below, the only individuals who may be given access to protected information are counsel for a party and independent consultants and

experts assisting such counsel in connection with this litigation.

4. <u>Applying for Access to Protected Information.</u>  An individual seeking access to protected information pursuant to Appendix C, Section VI of the Rules of the United States Court of Federal Claims, except those persons noted in paragraph 7 below, must read this Protective Order; must complete the appropriate application form (Form 9—"Application for Access to Information Under Protective Order by Outside or Inside Counsel," or Form 10—"Application for Access to Information Under Protective Order by Expert Consultant or Witness").  A copy of the appropriate application form shall be provided to each other party.  Such person shall, without further action by the court, be permitted access to protected material at the close of the second business day after the other parties have received the application, unless, in the interim, any party informs the requesting party of an objection.  Unless an objection is being brought to the court's attention, applications for access will not be filed with the court, nor will courtesy copies be provided to chambers.

5. <u>Objecting to an Application for Admission.</u>  Any objection to an application for access must be filed with the court within two (2) business days of the objecting party's receipt of the application.

6. <u>Receiving Access to Protected Information.</u>  If no objections have been filed by the close of the second business day after the other parties have received the application, the applicant will be granted access to protected information without further action by the court.  If any party files an objection to an application, access will only be granted by court order.

7. <u>Access to Protected Information by Court, Department of Justice, Agency Personnel.</u>  Personnel of the court, the procuring agency, the Department of Justice, other Executive Branch personnel involved with or affected by this litigation are automatically subject to the terms of this Protective Order and are entitled to access to protected information without further action.

8. <u>Access to Protected Information by Support Personnel.</u>  Paralegal, clerical, and administrative support personnel assisting any counsel who has been admitted under this Protective Order may be given access to protected information by such counsel if those personnel have first been informed by counsel of the obligations imposed by this Protective Order.

III.

9. <u>Identifying Protected Information.</u>  Protected information may be provided only to the court and to individuals admitted under this Protective Order and must be identified as follows:

   a. if provided in electronic form, the subject line of the electronic transmission

      shall read "**CONTAINS PROTECTED INFORMATION**"; or

    b.    if provided in paper form, the document must be sealed in a parcel containing the legend "**PROTECTED INFORMATION ENCLOSED**" conspicuously marked on the outside.

The first page of each document containing protected information, including courtesy copies for use by the judge, must contain a banner stating "**Protected Information to Be Disclosed Only in Accordance With the United States Court of Federal Claims Protective Order**," and the portions of any document containing protected information must be clearly identified.

10.    <u>Filing Protected Information.</u>  Pursuant to this order, a document containing protected information may be filed electronically under the court's electronic case filing system using the appropriate activity listed in the "**SEALED**" documents menu.  If filed in paper form, a document containing protected information must be sealed in the manner prescribed in paragraph 9(b) and must include as an attachment to the front of the parcel a copy of the certificate of service identifying the document being filed.

11.    <u>Protecting Documents Not Previously Sealed.</u>  If a party determines that a previously produced or filed document contains protected information, the party may give notice in writing to the court and the other parties that the document is to be treated as protected, and thereafter the designated document must be treated in accordance with this Protective Order.

IV.

12.    <u>Redacting Protected Documents For the Public Record.</u>

    a.    <u>Initial Redactions.</u>  After filing a document containing protected information in accordance with paragraph 10, or after later sealing a document pursuant to paragraph 11, a party must promptly serve on the other parties a proposed redacted version marked "**Proposed Redacted Version**" in the upper right-hand corner of the first page with the claimed protected information deleted.

    b.    <u>Additional Redactions.</u>  If a party seeks to include additional redactions, it must advise the filing party of its proposed redactions within two (2) business days after receipt of the proposed redacted version, or such other time as agreed upon by the parties or directed by the court.  The filing party must then provide the other parties with a second redacted version of the document clearly marked "**Agreed-Upon Redacted Version**" in the upper right-hand corner of the page with the additional information deleted.

    c.    <u>Final Version.</u>  At the expiration of the applicable period noted in (b) above, or after an agreement between the parties has been reached regarding additional redactions, the filing party must file with the court the final redacted version of the document clearly marked "**Redacted Version**" in the upper right-hand corner of the first page.  This document will be available to the public.

    d.    <u>Objecting to Redactions.</u>  Any party at any time may object to another party's designation of certain information as protected.  If the parties are unable to reach an agreement regarding redactions, the objecting party may submit the matter to the court for resolution.  Until the court resolves the matter, the disputed information must be treated as protected.

V.

13.    <u>Copying Protected Information.</u>  The parties shall endeavor to make as few copies of protected information, paper or electronic, as possible, and to keep protected information off of networks accessible by those not admitted to this Protective Order.  No party, other than the United States, may for its own use make more than five (5) copies of a protected document received from another party, except with the consent of all other parties.  A party may make additional copies of such documents, however, for filing with the court, service on the parties, or use in discovery, and may also incorporate limited amounts of protected information into its own documents or pleadings.  All copies of such documents must be clearly labeled in the manner required by paragraph 9.

14.    <u>Waiving Protection of Information.</u>  A party may at any time waive the protection of this Protective Order with respect to any information it has designated as protected by advising the court and the other parties in writing and identifying with specificity the information to which this Protective Order will no longer apply.

15.    <u>Safeguarding Protected Information.</u>  Any individual admitted under this Protective Order must take all necessary precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding, and restricting access to the protected information.

16.    <u>Breach of this Protective Order.</u>  If a party discovers any breach of any provision of this Protective Order, which has possibly resulted, or may still result, in the disclosure of protected information to unauthorized persons, the party must promptly report the breach to the other parties and immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to individuals not admitted under this Protective Order.  The parties must reasonably cooperate in determining the reasons for any such breach.

17. <u>Seeking Relief From this Protective Order.</u>  Nothing contained in this Protective Order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the court setting forth the basis for the relief sought.

VI.

18. <u>Maintaining Filed Documents Under Seal.</u>  The court will maintain properly marked protected documents under seal throughout this litigation.

19. <u>Retaining Protected Information After the Termination of Litigation</u>**.**  Upon conclusion of this action (including any appeals and remands), the original version of the administrative record and any other materials that have been filed with the court under seal will be retained by the court pursuant to Rule 77.3(c) of the Rules of the United States Court of Federal Claims (2014).  Copies of such materials may be returned by the court to the filing parties for disposition in accordance with paragraph 20 of this Protective Order.  In addition, on or before thirty (30) days after the conclusion of the action before this court, the parties shall review previously protected information, and shall propose to the court in a joint written motion what information requires continued protection, for what period of time, and the basis for the proposed continued protection.

20. <u>Disposing of Protected Information.</u>  Within thirty (30) days after the conclusion of this action (including any appeals and remands), each party or counsel admitted to this Protective Order shall destroy all protected information, both electronically stored or in paper form, including backup copies, and certify in writing to each other party that such destruction has occurred, or must return the protected information to the parties from which the information was received.  Each counsel of record admitted to this Protective Order may retain one copy of such documents, provided those documents are properly marked and secured.  Any party seeking relief from the requirements of paragraph 20 may submit an appropriate motion with this court, in accordance with paragraph 17 of this Protective Order.

**IT IS SO ORDERED.**

<u>s/Marian Blank Horn</u>
**MARIAN BLANK HORN**
        **Judge**