IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(BID PROTEST)

| | | |
|---|---|---|
| SIERRA NEVADA CORPORATION. | ) | Civil Action No. 14-994C |
| Plaintiff, | ) | **Judge Marian Blank Horn** |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## UNOPPOSED MOTION TO INTERVENE

Pursuant to Rule 24 of the Rules of the United States Court of Federal Claims ("RCFC"), Space Exploration Technologies Corporation ("SpaceX"), through the undersigned counsel, hereby moves to intervene in the above-captioned bid protest. SpaceX has contacted counsel for both Plaintiff Sierra Nevada Corporation ("SNC") and Defendant United States, and neither party opposes this motion.

SpaceX is one of the two awardees of the contract at issue in this bid protest, and is entitled to intervene as a matter of right under Rule 24(a)(2) because it is "so situated that disposing of the action may as a practical matter impair or impede its ability to protect its interest. . . ." RCFC 24(a)(2); *see also Akal Sec., Inc. v. United States*, 103 Fed. Cl. 310, 323 (2011) (granting contract awardee's motion to intervene and noting that "the requirements for intervention are to be construed in favor of intervention"). Were the Court to rule in favor of SNC and set aside the CICA Stay Override, SpaceX could be obligated to stop performance under its contract. Such a decision would affect SpaceX's performance of future contractual obligations. Although the Government's and the other awardee's concerns in this litigation align somewhat with SpaceX's interests, only SpaceX can defend and safeguard its unique interests

1

and ensure that they are heard by this Court.

Alternatively, this Court should exercise its discretion to permit SpaceX to intervene under Rule 24(b) allowing permissive intervention when appropriate. *See e.g., Emerald Coast Finest Produce Co. Inc. v. United States*, 74 Fed. Cl. 679, 680-81 (2006) (granting contract awardee's motion to intervene under Rule 24(b) based on its representation that its economic interests could be affected by the protest). Permissive intervention is acceptable upon timely application when a prospective intervener "has a claim or defense that shares with the main action a common question of law or fact." RCFC 24(b)(1)(B). SpaceX's defenses will share the common questions of law and fact asserted by SNC in this bid protest. SpaceX's participation will not unduly delay or prejudice the resolution of this matter.

For the reasons stated above, SpaceX respectfully requests that the Court grant this unopposed motion to intervene in the above-captioned bid protest.

Dated: October 17, 2014

Respectfully submitted,

/s/ Richard J. Vacura

Richard J. Vacura
Morrison & Foerster LLP
1650 Tysons Boulevard
Suite 400
McLean, Virginia 22102
Telephone: (703) 760-7764
Fax: (703) 760-7777

Attorney of Record for Space Exploration Technologies Corporation

Of Counsel:

Pablo A. Nichols
MORRISON & FOERSTER LLP
425 Market St.,
San Francisco, CA 94105-2482
(415) 268-6653
pnichols@mofo.com

Steven W. Cave
Catherine L. Chapple
MORRISON & FOERSTER LLP
1650 Tysons Blvd., Suite 400
McLean, VA 22102
(703) 760-7763
scave@mofo.com
cchapple@mofo.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Unopposed Motion to Intervene was served this 17th day of October 2014 on the following:

Daniel S. Herzfeld, Esq.
U.S. Department of Justice – Civil Division
1100 L Street, N.W.,
Washington, DC 20005
*Counsel for Defendant United States of America*

Neil H. O'Donnell
Rogers Joseph O'Donnell
750 9th Street NW, Suite 710
Washington, DC 20001
*Counsel for Plaintiff Sierra Nevada Corporation*

Scott M. McCaleb
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC 20006
*Counsel for Interested Party, The Boeing Company*

/s/ Richard J. Vacura
Richard J. Vacura
Morrison & Foerster LLP
1650 Tysons Boulevard
Suite 400
McLean, VA 22102-4220
Attorney of Record for Space Exploration Technologies Corporation