## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

### BID PROTEST

|  |  |
|---|---|
| SIERRA NEVADA CORPORATION, ) | No. 14-994C |
| ) | Judge HORN |
| Plaintiff, ) | |
| v. ) | |
| THE UNITED STATES, ) | |
| Defendant. ) | |

### APPLICATION OF SUZETTE W. DERREVERE FOR ACCESS TO INFORMATION UNDER PROTECTIVE ORDER

1. I, Suzette W. Derrevere, hereby apply for access to protected information covered by the Protective Order issued in connection with this proceeding.

2. I am in-house counsel, Senior Counsel, Investigations & Cost Policy, in the Office of the General Counsel for The Boeing Company, a party to this proceeding.

3. I am a member of the bar of the United States Court of Federal Claims (the court).

4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order. I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

5. N/A

6. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm

that might gain a competitive advantage from access to the information disclosed under the Protective Order: NONE.

7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked, or have been found to have violated a protective order issued by any administrative or judicial tribunal: NONE.

8. I have attached a detailed narrative providing the following information:

a. My position and responsibilities as in-house counsel, including my role in providing advice in procurement-related matters;

b. The person(s) to whom I report and their position(s) and responsibilities;

c. The number of in-house counsel at the office in which I work and their involvement, if any, in competitive decision making and in providing advice in procurement-related matters;

d. My relationship to the nearest person involved in competitive decision making (both in terms of physical proximity and corporate structure); and

e. Measures taken to isolate me from competitive decision making and to protect against the inadvertent disclosure of protected information to persons not admitted under the Protective Order.

9. I have read the Protective Order issued by the court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

10. I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

*Suzette W. Derrevere*
Suzette W. Derrevere
The Boeing Company
929 Long Bridge Drive
Arlington, VA 22202
Telephone: 703-465-3281
Fax: 703-465-3074

*Scott M. McCaleb*
Scott M. McCaleb
(Attorney of Record)
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049
smccaleb@wileyrein.com

## NARRATIVE OF SUZETTE W. DERREVERE
## IN SUPPORT OF REQUEST
## FOR ACCESS TO PROTECTED MATERIAL

I, Suzette W. Derrevere, make the following statement and representation and request that I be granted access to protected material which may be filed or produced in the above captioned protest (the "Protest").

(a) I am a Senior Counsel, Litigation, Investigations & Cost Policy, in the Office of the General Counsel, Boeing Corporate Headquarters. I am assigned to the Litigation Practice Group. My responsibilities include counseling Boeing Defense, Space & Security ("BDS") and its affiliates' management and employees concerning litigation involving government contract issues, commercial contracts, and general corporate law. I do not review proposals submitted by Boeing or any of its affiliates for compliance with customer requirements or engage in activities that involve competitive decision-making. I direct and assist outside counsel representing Boeing and its affiliates in litigation, investigations, and other matters involving outside counsel. I represent Boeing and its affiliates in claims, protests, and civil and criminal litigation.

(b) I report to Padraic Fennelly, Chief Counsel, BDS Litigation and Investigations, based in Arlington, VA). Three Chief Counsels are responsible for supervising Litigation matters across the Company, including matters arising in connection with Boeing Commercial Airplanes, Boeing Defense, Space and Security and other Investigations and Governance. For Litigation matters, the Chief Counsels in turn, report to Lynda Guild Simpson, Vice President and Assistant General Counsel of The Boeing Company in Arlington, VA. Her responsibilities are to oversee the seventeen lawyers of the Litigation Practice Group, none of whom provides advice in procurement-related matters. Mr. Fennelly has a dual reporting relationship within the Boeing Law Department and, in addition to reporting to Ms. Simpson, he also reports to Grant Dixton, Vice President and Assistant General Counsel for BDS in Chicago, IL. Mr. Dixton supervises the forty four lawyers who provide legal support to BDS.

(c) The building in which I work has two distinct wings, referred to here as "Wing A" and "Wing B." I am physically located with 14 other attorneys in Wing A, working on the fourth floor. None is involved in competitive decision-making. There is one lawyer in the Corporate Governance Group providing securities and governance advice to the company, one lawyer in the Labor & Employment Group providing labor and employment advice, five lawyers in the Boeing Global Law Affairs Group providing international counseling and trade support, three lawyers in the Government Operations group supporting government relations and operations, and four lawyers in the Litigation Practice Group. None of the lawyers in Wing A provide advice regarding planned or ongoing procurements.

Boeing's Commercial Crew proposal was prepared by Boeing's Space Exploration business unit, which is a division of BDS's Network and Space Systems Group ("N&SS"), and the cognizant program business attorney is based in Huntsville, Alabama. The program business attorney in Huntsville reports to the Chief Counsel, Boeing N&SS, who has an office located in a separate wing, "Wing B," and on a separate floor of the building in which I work in Arlington, Virginia. I do not share any administrative resources or personnel with the Chief Counsel of Boeing N&SS.

(d) I have no relationship to any person involved in competitive decision-making in regard to this procurement in terms of corporate structure. My relationship to Boeing's BDS group pertains solely to litigation and investigation matters, and does not include providing advice with respect to pricing, selection of subcontractors and their products, product design, the selection of which acquisitions to pursue and in what capacity to pursue them (prime or sub roles), or other decisions involved in the competitive structuring of proposals. I am not involved in writing proposals, including their pricing or technical components. I do not determine teaming or subcontracting arrangements nor do I participate in the making of bid/no-bid decisions.

Boeing N&SS possesses a legal staff of some 11 business attorneys. I have no reporting relationship to any of those attorneys. Those business attorneys provide day-to-day legal advice to the competitive decision-makers and provide procurement-related support to Boeing N&SS and its subsidiaries. They report through their respective division and group counsel, including Mr. Dixton, to the General Counsel.

I am physically separated from the principal place of operations for N&SS, Space Exploration, and the program team responsible for Boeing's Commercial Crew proposal, the latter of which is based in Houston, Texas. The nearest business executive involved in competitive decision-making as to any Space Exploration acquisition would be the BDS vice president in charge of Space Exploration, who is located in Houston, TX, more than 1,400 miles from my office and not in my reporting chain. The Space Exploration vice president reports to the BDS vice president in charge of N&SS, who is in El Segundo, CA. The vice president in turn reports to the President of BDS, who is located in St. Louis, MO, and reports directly to the Chairman and Chief Executive Officer of the entire Boeing Company.

The structure of our legal organization as described above isolates me from the competitive decision-making process as that type of advice and those decisions are made at the subsidiary and at the intervening division and group levels, with the involvement of the relevant business attorneys noted above, not Litigation.

(e) I will review any documents subject to the protective order only at the offices of outside counsel for Boeing, or in facilities designated the Agency or the Court. In the event that I participate in any telephone conversations from my office where protected information may be discussed, I will take appropriate precautions to prevent the inadvertent disclosure of protected information, including but not limited to closing my office door and avoiding the use of speakerphone.